CRAWLEY, Judge,
dissenting.
Because I think this court is substituting its judgment for the verdict of the jury, I must respectfully dissent.
“A jury’s verdict is presumed correct and will not be disturbed unless it is plainly erroneous or manifestly unjust. In addition, a judgment based upon a jury verdict and sustained by the denial of a postjudgment motion for a new trial will not be reversed unless it is plainly and palpably wrong. Because the jury returned a verdict for the [defendants], any disputed questions of fact must be resolved in their favor, and we must presume that the jury dreiu from the facts any reasonable inferences necessary to support its verdict. In short, in reviewing a judgment based upon a jury verdict, this Court must review the record in a light most favorable to the appellee.”
Crown Life Ins. Co. v. Smith, 657 So.2d 821, 822 (Ala.1994) (citations omitted) (emphasis added).
I believe the jury was presented with sufficient circumstantial evidence to indicate that Underwood had notice that Kidd was on the banned list. From Underwood’s conduct during the time the police were in her apartment — conduct that progressed from evasive to uncooperative to hostile — the jury could have inferred that Underwood knew Kidd was banned from the premises. I would affirm the judgment based on the jury verdict.